UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           2:10-cr-42-FtM-29DNF

JOHN MICHAEL STOKES, JR.
_____

**OPINION AND ORDER**

This matter comes before the Court on a Report and Recommendation (Doc. #47) filed on October 27, 2010. United States Magistrate Judge Douglas N. Frazier recommends that Defendant's Motion to Suppress Evidence and Statements Obtained from an Illegal Search and Seizure (Doc. #24) be denied. Defendant's Objection (Doc. #49) was filed on November 11, 2010.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."

Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. REP. NO. 94-1609, § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

The magistrate judge found that the stop of the vehicle driven by defendant John Michael Stokes, Jr. was lawful because the trooper had probable cause to believe that there were violations of the Florida window tint statute, violation of the Florida statute prohibiting driving with an obscured license plate, and violation of the Florida statute prohibiting failure to drive within a single lane of traffic. The magistrate judge then found that the traffic stop of approximately eight minutes was lawful in duration, that defendant then provided consent for the officer to search the vehicle, and that upon finding a firearm the officer had probable cause to arrest defendant. The magistrate judge further found that defendant's statements were made voluntarily and without any promises, and that he was not "in custody" at the time he answered the officer's question about who owned the firearm and therefore was not entitled to Miranda[1] warnings. Alternatively, the magistrate judge found that subsequent statements had been spontaneously volunteered by defendant.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

Defendant's Objection first criticizes the magistrate judge's summation of the evidence because it "seems to neglect to include testimony regarding the troopers' assignment to a special interdiction unit, specifically targeting probable cause stops for the purpose of seeking illegal contraband." (Doc. #49, p. 1.)  The Court notes that the first sentence of that portion of the Report and Recommendation summarizing Trooper Heinlein's testimony states: "Trooper Heinlein is on the contraband interdiction team with the Florida Highway Patrol." (Doc. #47, p. 2.)  Similarly, the second sentence summarizing Trooper Adkinson's testimony states that he "was working on the interdiction team in a marked patrol car." (Id. at p. 7.)  Thus, defendant's objection is overruled.

Defendant also suggests that the trooper was not allowed to stop the vehicle for failure to maintain a single lane. (Doc. #49, p. 2 n.1.)  Defendant's reliance upon Hurd v. State, 958 So. 2d 600 (Fla. 4th DCA 2007) is misplaced, since that case fully supports the legal proposition that failure to maintain a single lane alone may establish probable cause for a stop under appropriate circumstances.  Hurd, 958 So. 2d at 603.  The magistrate judge found that the trooper observed the vehicle change into the right lane and then run off the roadway several times and once go onto the grass area off the road.  The Court agrees that based upon these observations the trooper would have been justified in making the stop for failure to maintain a single lane alone.

-3-

Defendant also asserts that the troopers impermissibly extended the duration of the traffic stop.  The Court disagrees. The traffic stop portion of the encounter took approximately eight minutes, and the trooper did nothing impermissible during the stop as he conducted the routine procedures relating to a traffic stop. "[P]olice officers conducting a traffic stop may prolong the detention to investigate the driver's license and the vehicle registration, and may do so by requesting a computer check." United States v. Boyce, 351 F.3d 1102, 1106 (11th Cir. 2003)(internal quotations omitted).  Additionally, "[w]hen an officer is, for instance, looking at a driver's license . . . , he lawfully can at about the same time also ask questions-even questions not strictly related to the traffic stop" as long as such questioning does not unreasonably extend the duration of the stop. United States v. Hernandez, 418 F.3d 1206, 1209 n.3 (11th Cir. 2005).  Eight minutes is well within a reasonable period of time. United States v. Purcell, 236 F.3d 1274, 1279 (11th Cir. 2001)("Fourteen minutes is not an unreasonable amount of time for a traffic stop. We have approved traffic stops of much longer duration.").  The Court overrules the objection and adopts that portion of the Report and Recommendation.

The Court further agrees with the magistrate judge that defendant was not "in custody" for the purposes of Miranda warnings

at the time he answered the question about the ownership of the firearm.  As the Eleventh Circuit recently summarized:

> Ordinary traffic stops do not involve custody for purposes of <u>Miranda</u>, unless the stopped motorist is subjected to treatment during the traffic stop that amounts to a restriction of freedom to a degree associated with a formal arrest.  <u>Berkemer v. McCarty</u>, 468 U.S. 420, 440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984). In determining whether a defendant's freedom was curtailed "to a degree associated with formal arrest," we consider the totality of the circumstances, including whether the officers brandished weapons or touched the defendant, whether the officers used a language or tone indicating that compliance with their orders could be compelled, and the location and length of the detention. <u>United States v. Luna-Encincas</u>, 603 F.3d 876, 881 (11th Cir. 2010).

<u>United States v. Ubaldo-Viezca</u>, No. 09-16341, 2010 WL 3895710, at *6 (11th Cir. Oct. 6, 2010).  The ultimate inquiry is whether, based on the circumstances of each case, there was a restraint on the suspect's freedom of movement of the degree associated with a formal arrest.  <u>United States v. Luna-Encinas</u>, 603 F.3d 876, 881 (11th Cir. 2010).  There was no such restraint in this case at the time of the statement by defendant.

After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, as well as Defendant's Objections, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge.  Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress.

Accordingly, it is now

**ORDERED:**

1.    The Magistrate Judge's Report and Recommendation (Doc. #47) is **accepted and adopted,** and it is specifically incorporated into this Opinion and Order.

2.    Defendant's Motion to Suppress Evidence and Statements Obtained from an Illegal Search and Seizure (Doc. #24) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of November, 2010.


_____
JOHN E. STEELE
United States District Judge


Copies:
Magistrate Judge
Counsel of Record