UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN MICHAEL STOKES, JR.,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No:  2:14-cv-93-FtM-29MRM
Case No. 2:10-CR-42-FTM-29DNF

---

## OPINION AND ORDER

This matter came before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #106)[1] filed on February 14, 2014.  The government filed a Response in Opposition to Motion (Cv. Doc. #9) on April 22, 2014.  Thereafter, petitioner retained counsel who filed a Reply (Doc. #14) and Supplemental Reply (Doc. #15) on petitioner's behalf.  The petitioner filed a Reply (Cv. Doc. #15) on January 28, 2015.

On June 13, 2016, the Court appointed the Federal Public Defender's Office to represent petitioner pursuant to Omnibus

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Order in Re: Amendment 782, United States Sentencing Guidelines, 6:14-mc-78-ACC (Cr. Doc. #186), and on June 24, 2016, the Federal Public Defender filed an Amended Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #20; Cr. Doc. #106) to assert only one claim under <u>Johnson v. United States</u>, 135 S. Ct. 2251 (2015).[1]   On August 11, 2016, petitioner and the government filed a Joint Stipulation Regarding Section 2255 Motion and Resentencing (Cv. Doc. #24) agreeing that the Motion Under 28 U.S.C. § 2255 should be granted and the sentence vacated.

On April 18, 2016, in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the United States Supreme Court determined that the residual clause of the Armed Career Criminal Act (ACCA) was indeed unconstitutionally vague, and that <u>Johnson</u> announced a substantive rule that applied retroactively on collateral review.   In light of this decision, and because the government concedes it applies to remove the ACCA enhancement in petitioner's case, the Court will grant relief and vacate the underlying criminal judgment.

On March 24, 2010, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner

---

1 As a result, the original Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody was denied as moot.   (Cv. Doc. #19; Cr. Doc. #105.)

with possession of a firearm and ammunition after having been convicted of a felony.  In due course and on the eve of trial, on December 7, 2010, petitioner entered a plea of guilty pursuant to a Plea Agreement.  (Docs. ## 66, 68.)  On September 12, 2011, the Court sentenced petitioner to a term of imprisonment of 180 months based upon an Armed Career Criminal Act (ACCA) enhancement, followed by a 60 month term of supervised release.  (Cr. Doc. #94.)  Judgment (Cr. Doc. #95) was filed on September 13, 2011.

Without the ACCA enhancement, petitioner's is subject to a statutory maximum of 10 years of imprisonment and 36 months of supervised release, and petitioner's sentencing guideline range is now 24 to 30 months of imprisonment.[2]  Petitioner has been continuous custody since August 16, 2010, and his current projected release date is September 6, 2023.  Petitioner and the government have stipulated to a sentence of time served, followed by a term of 36 months of supervised release, without the need for a resentencing hearing or petitioner's presence at such a hearing.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

---

2 Before the enhancement, petitioner's Total Offense Level was a 13 and his Criminal History Category would have been a IV.

1. Petitioner's Amended Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #20; Cr. Doc. #106) is **GRANTED**.

2. The Judgment in a Criminal Case (Cr. Doc. #95) is **vacated**.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file, and to make a notation that the criminal Judgment has been vacated.

4. A resentencing hearing has been waived. The Clerk shall enter an amended judgment in the criminal case sentencing petitioner to a term of **time served**, followed by a term of 36 months of supervised release under the same conditions as previously imposed in the September 13, 2011 Judgment.

5. As the resentencing hearing has been waived, **petitioner is notified that he has the right of appeal from the amended judgment and sentence in the criminal case (Case No. 2:10-cr-42-FtM-29DNF) within fourteen (14) days of its entry.** Failure to appeal within the fourteen day period shall be a waiver of petitioner's right to appeal. The government may file an appeal from this sentence. Petitioner is also advised that he is entitled to assistance of counsel in

taking an appeal, and if he is unable to afford a lawyer, one will be provided.  If petitioner is unable to afford the filing fee, the Clerk of the Court will be directed to accept the Notice of Appeal without such fee.

**DONE and ORDERED** at Fort Myers, Florida, this   11th   day of August, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA
U.S. Probation
U.S. Marshal